UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

JACINTO PENA,

      Petitioner,

v.                                                      Case No. 1:11-CV-450

JOHN PRELESNIK,                         HON. GORDON J. QUIST

      Respondent.
_____/

## MEMORANDUM ORDER ADOPTING
## REPORT AND RECOMMENDATION

Petitioner, Jacinto Pena, has filed Objections to Magistrate Judge Ellen Carmody's August 12, 2013 Report and Recommendation (R & R), which recommends that Petitioner's habeas petition be denied. Following the issuance of the R & R, the Court granted Petitioner an additional thirty days within which to object to the R & R. Petitioner thereafter responded with lengthy Objections.

Following a nine-day jury trial, Petitioner was convicted of first-degree felony murder predicated on the commission or attempted commission of first-degree criminal sexual conduct (CSC), first-degree premeditated murder, first-degree CSC, and mutilating or defacing a dead body. (R & R at 21.) On direct appeal, the Michigan Court of Appeals vacated Petitioner's first-degree CSC conviction on double jeopardy grounds and held that Petitioner's first-degree premeditated murder conviction and first-degree felony murder conviction constituted a single conviction supported by two theories. The court affirmed in all other respects. The Michigan Supreme Court denied review. Petitioner subsequently filed a motion for relief from judgment raising claims of ineffective assistance of trial and appellate counsel, which was denied at all levels.

Petitioner raised the following claims in his habeas petition:

I. MICHIGAN'S FELONY MURDER RULE REQUIRES ADDITIONAL MENS REA BESIDES INTENT TO COMMIT THE UNDERLYING FELONY. THERE WAS INSUFFICIENT EVIDENCE THAT DEFENDANT POSSESSED THE REQUIRED STATE OF MIND FOR A CONVICTION.

II. THERE WAS INSUFFICIENT EVIDENCE ON THE MUTILATION CHARGE. DEFENDANT WAS CONVICTED WITHOUT PROOF OF AN ESSENTIAL ELEMENT, IN VIOLATION OF HIS DUE PROCESS RIGHTS.

III. DEFENDANT'S TWO ADMISSIONS WERE ILLEGALLY OBTAINED BOTH BECAUSE HE WAS NEVER ADVISED OF HIS RIGHT TO COURT APPOINTED COUNSEL AND BECAUSE THE TOTALITY OF THE CIRCUMSTANCES RENDERED HIS STATEMENT INVOLUNTARY.

IV. DEFENDANT'S 6TH AMENDMENT RIGHT TO EFFECTIVE ASSISTANCE OF TRIAL COUNSEL WAS VIOLATED.

   A. DEFENDANT'S 6TH AMENDMENT RIGHT TO EFFECTIVE ASSISTANCE OF TRIAL COUNSEL WAS VIOLATED BY HIS TRIAL ATTORNEY'S DEFICIENT AND PREJUDICIAL PERFORMANCE AT THE *WALKER* HEARING.

   B. DEFENDANT'S 6TH AMENDMENT RIGHT TO EFFECTIVE ASSISTANCE OF COUNSEL WAS VIOLATED BY HIS TRIAL COUNSEL'S FAILURE TO CHALLENGE THE CREDIBILITY OF DEFENDANT'S INCRIMINATING STATEMENTS TO POLICE DUE TO BEING PROMISED LENIENCY.

V. DEFENDANT'S 6TH AMENDMENT RIGHT TO EFFECTIVE ASSISTANCE OF APPELLATE COUNSEL WAS VIOLATED.

Regarding grounds I and II, the magistrate judge concluded that the Michigan Court of Appeals did not unreasonably conclude that there was sufficient evidence, under the standard set forth in *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S. Ct. 2781, 2789 (1979) (holding that there is sufficient evidence to support a conviction if, "after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime

beyond a reasonable doubt") to support Petitioner's convictions for first-degree felony murder and mutilation of a dead body. (R & R at 30–31, 34–35.) In addition, with regard to ground I, the magistrate judge concluded that the "concurrent sentencing doctrine" applies to bar Petitioner's claim because Petitioner does not directly challenge his first-degree murder conviction under the premeditation theory, (*id.* at 28–29), and that Petitioner failed to argue cause and prejudice for his procedurally-defaulted claims regarding a lack of nexus between the murder and the predicate felony and insufficient evidence that Petitioner committed the predicate first-degree CSC felony. (*Id.* at 33–34.) Regarding ground III, the magistrate judge concluded that Petitioner failed to overcome the presumption of correctness accorded the trial court's determination that Detective McGee did not promise Petitioner leniency to induce Petitioner to make an incriminating statement. The magistrate judge also concluded that the Michigan Court of Appeals' determination that Petitioner's confession was voluntary was not unreasonable given the totality of the circumstances, especially because Petitioner sought the police out in order to confess to the crime. (*Id.* at 43–44.) The magistrate judge also concluded that Petitioner failed to show cause and prejudice for his procedural default of his *Miranda* violation claim. (*Id.* at 44–45.) Finally, as for Petitioner's ineffective assistance of counsel claims in grounds IV and V, the magistrate judge concluded that the claims were either without merit or procedurally defaulted. (*Id.* at 46–50.)

Pursuant to 28 U.S.C. § 636(b)(1), upon receiving objections to a report and recommendation, the district judge "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." After conducting a *de novo* review of the R & R, Petitioner's Objections, and the pertinent portions of the record, the Court concludes that the R & R should be adopted and the petition denied.

Having reviewed Petitioner's lengthy Objections, the Court concludes that the R & R adequately addresses Petitioner's arguments.

3

First, with regard to the sufficiency of the evidence supporting Petitioner's first-degree felony murder conviction, the Court concurs with the magistrate judge's conclusion that the Michigan Court of Appeals' decision that the conviction is supported by sufficient evidence was not an unreasonable application of the sufficiency of the evidence standard set forth in *Jackson*.[1] In addition, having reviewed Petitioner's brief in his direct appeal to the Michigan Court of Appeals, the Court concludes that the state appellate court properly declined to consider Petitioner's lack-of-nexus argument based on Petitioner's failure to sufficiently develop the issue in his brief. Finally, the magistrate judge also properly concluded that Petitioner procedurally defaulted his claim that there is insufficient evidence that he committed the underlying felony of first-degree CSC.[2]

Second, Petitioner's objections concerning the admissibility of his statements to the police are without merit.[3] As the magistrate judge noted, there was no credible evidence to support Petitioner's claim that Sergeant McGee made promises of leniency in order to obtain Petitioner's confession. Petitioner has not shown that this conclusion is erroneous. Petitioner's contention that Sergeant McGee testified that he spoke to "Mr. Pena"—meaning Petitioner—is a mischaracterization of the record. While the transcript does show that Sergeant McGee testified that he "spoke with Mr. Pena," (Tr. VI at 107, dkt. # 21), when considered in context, his testimony shows that he either misspoke or that the reference to "Mr." was an error, because Sergeant McGee's statement was in response to a question about whether he spoke to Petitioner's mother. (*Id.*)

---

[1] Petitioner states that "the only evidence connecting the Petitioner to the crimes were the statements elicited from the Petitioner, statements that established that he was highly intoxicated, was upset, and had little recollection of the events or their sequence." (Objection at 4.) Petitioner ignores the physical evidence of bite marks and scratches on Petitioner's body. (R & R at 6–7.) Moreover, evidence at the scene, including the broken window in the bedroom, corroborated Petitioner's story.

[2] Regarding the "concurrent sentencing doctrine," Petitioner claims that it does not apply because Petitioner did challenge his murder conviction under the premeditation theory in his direct appeal. However, Petitioner does not deny that he has not challenged his conviction on the premeditation theory in his habeas petition.

[3] Petitioner does not object to the magistrate judge's conclusion that Petitioner is not entitled to habeas relief on the mutilation conviction.

Moreover, Sergeant McGee was testifying about meeting with Petitioner's mother, girlfriend, and sister, and he indicated that at the time he was speaking with them, Petitioner was being questioned elsewhere. (*Id.* at 105.) Moreover, as the magistrate judge indicated, it is difficult to see how any alleged promise of leniency could have motivated Petitioner's decision to confess, as Petitioner went to the police station and began confessing to Officer Zabriskie before the police were even aware that a crime had occurred. (R & R at 43.) Finally, regarding Petitioner's *Miranda* violation claim, Petitioner contends that the magistrate judge erroneously concluded that the claim is procedurally barred because, although the Michigan Court of Appeals found that the issue was unpreserved for appeal, the court nonetheless addressed the claim on the merits. Even so, the court nonetheless indicated its intention to rely on the procedural bar by reviewing only for plain error. In such case the procedural bar still precludes habeas relief. *See Baze v. Parker*, 371 F.3d 310, 320 (6th Cir. 2004) (stating that "when a state court relies on an independent procedural ground to deny relief, a discussion of the merits will not supersede the procedural bar to habeas relief").

Finally, the Court concludes that the magistrate judge did not err in recommending that Petitioner's ineffective assistance of counsel claims be rejected. As to the exhausted claims, Petitioner fails to show either deficient performance or prejudice based on his trial counsel's performance at the *Walker* hearing and counsel's alleged failure to challenge the credibility of Petitioner's statements to the police. As for his unexhausted claims that are considered procedurally defaulted, Petitioner still fails to show cause for his failure to raise those claims in his motion for relief from judgment in the state court.

Under 28 U.S.C. § 2253(c)(2), the Court must also determine whether a certificate of appealability should be granted. A certificate should issue if Petitioner has demonstrated a "substantial showing of a denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The Sixth Circuit has disapproved issuance of blanket denials of certificates of appealability. *Murphy v. Ohio*,

263 F.3d 466, 467 (6th Cir. 2001). Rather, the district court must "engage in a reasoned assessment of each claim" to determine whether a certificate is warranted. *Id.* at 467. Each issue must be considered under the standards set forth by the Supreme Court in *Slack v. McDaniel*, 529 U.S. 473, 120 S. Ct. 1595 (2000). *Murphy*, 263 F.3d at 467. Therefore, the Court has considered Petitioner's claims, including his Objections, under the *Slack* standard.

Under *Slack*, 529 U.S. at 484, 120 S. Ct. at 1604, to warrant a grant of the certificate, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." For the reasons stated above, the Court finds that reasonable jurists could not find that this Court's denial of Petitioner's claims was debatable or wrong. Thus, the Court will deny Petitioner a certificate of appealability. Therefore,

**IT IS HEREBY ORDERED** that the Magistrate Judge's Report and Recommendation issued August 12, 2013 (dkt. # 49) is **APPROVED AND ADOPTED** as the Opinion of this Court, Petitioner's Objections (dkt. #52 ) are **OVERRULED**, and Petitioner's habeas corpus petition is **DENIED**.

**IT IS FURTHER ORDERED** that Petitioner's Motion for an Evidentiary Hearing (dkt. # 54) is **DENIED**.

**IT IS FURTHER ORDERED** that a **certificate of appealability** is **DENIED**.

A separate judgment will issue.

This case is **concluded**.


Dated: January 24, 2014                               /s/ Gordon J. Quist
                                                     GORDON J. QUIST
                                                UNITED STATES DISTRICT JUDGE